The PEOPLE of the State of
Colorado, Complainant,

v.

Glen J. McKIE, Attorney–Respondent.

No. 95SA198.

Supreme Court of Colorado,
En Banc.

Aug. 14, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Bennett S. Aisenberg, Denver, for attorney-respondent.

PER CURIAM.

Between 1986 and 1988 the respondent in this lawyer discipline proceeding borrowed a total of $110,000 from the complaining witness, and failed to repay the loans as agreed. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel, C.R.C.P. 241.18, and recommended that the respondent be suspended for sixty days from the practice of law. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1975. The conditional admission relates that on three separate occasions, September 2, 1986, January 22, 1988, and June 1, 1988, the respondent borrowed $75,000.00, $25,000.00, and $10,000.00, respectively, from his client, the complaining witness. The respondent did not repay any of these loans as agreed. The client filed a civil action against the respondent to recover the amount owed, and the respondent settled the action to the client's satisfaction in November 1990.

In connection with these loans, the respondent failed to provide adequate disclosure to his client regarding the business transactions they were entering into, did not advise him of the conflict of interest between them, did not encourage the client to obtain independent legal advice about the loans, and did not provide either collateral or promissory notes evidencing the loans. The respondent has stipulated that the foregoing conduct violated DR 5–104(A) (A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise the lawyer's professional judgment therein for the protection of the client, unless the client has consented after full disclosure.).

Moreover, from 1986 through 1989, the respondent routinely commingled client trust funds with his personal funds, contrary to DR 9–102(A) (all client funds shall be deposited in one or more identifiable interest-bearing insured depository accounts). The assistant disciplinary counsel represents that

there is no evidence that the respondent converted any client funds, however.

## II

The conditional admission provided that the respondent agreed to discipline in the range of a public censure to a sixty day suspension. The inquiry panel approved the conditional admission and recommended that the respondent be suspended for sixty days. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992), and in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." *Id.* at 4.32. In light of the record before us, a short period of suspension is therefore warranted.

The assistant disciplinary counsel points out that the complaining witness was a competent business person, and the respondent therefore did not take advantage of a vulnerable victim. *Cf. id.* at 9.22(h). In fact, the complainant found no aggravating factors present at all, but we discern from the record the obvious presence of a selfish motive on the respondent's part. *Id.* at 9.22(b). In mitigation, the respondent has no prior discipline, *id.* at 9.32(a); he has made full and free disclosure in the disciplinary proceedings, *id.* at 9.32(e); and has exhibited remorse for the misconduct, *id.* at 9.32(*l*). Since the respondent has no previous discipline in twenty years' practice, and his misconduct did not involve dishonesty, we have decided to accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III

It is hereby ordered that Glen J. McKie be suspended from the practice of law for sixty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding in the amount of $377.19 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.

KOURLIS, J., does not participate.